The Honorable Harmon R. Seawel State Representative 5761 Highway 323 West Pocahontas, Arkansas 72455-8661
Dear Representative Seawel:
I am writing in response to your request for an opinion on whether A.C.A. § 14-42-110 permits the city council, by a two-thirds vote, to override a mayor's appointment of a chief of police. You note that the Mayor of Pocahontas has appointed a chief of police and the city council members want to know if A.C.A. § 14-42-110 gives the council the authority to override this appointment by a two-thirds vote of the council. Pocahontas is a city of the first class.
RESPONSE
It is my opinion that A.C.A. § 14-42-110 does indeed give the city council the power to override the Mayor's appointment of a police chief by a two-thirds vote.
The relevant statute provides as follows:
 (a)(1) Mayors in cities of the first class and second class and incorporated towns shall have the power to appoint and remove all department heads, including city and town marshals when an ordinance has been passed making city and town marshals appointed, unless the city or town council shall, by a two-thirds (2/3) majority of the total membership of the council, vote to override the mayor's action.
 (2) Provided, however, that in cities of the first and second class with civil service commissions, the governing body of the city may, by ordinance, delegate the authority to appoint and remove the heads of the police and fire departments to the city's civil service commission.
 (b) City managers in cities having a city manager form of government shall have the power to appoint and remove all department heads. In cities with a city manager form of government and with civil service commissions, the civil service commission shall have the power to override the city manager's appointment or removal of the police or fire chief by a majority vote of the total membership of the commission.
 (c) The provisions of this section shall not apply to department heads not under the control of the governing body of the city and shall not apply to cities having a city administrator form of government.
(Emphasis added.)
It is clear, in my opinion, that this statute gives the city council the power to override the mayor's action in appointing a police chief. Seealso Ops. Att'y Gen. 99-077 and 97-211. Confusion on the issue may have arisen because under prior law pertaining to cities of the first class, this was not the case. See generally, Op. Att'y Gen. 93-183; 91-395 and 91-395A. Under former A.C.A. § 14-43-504(e)(2), in a city of the first class, the city council had no power to act on the mayor's appointment of a police chief.[1] See Opinion 91-395 and 91-395A. A 1995 legislative amendment, however, changed the law on this point. See Acts 534 and 914 of 1995. The 1995 amendment, among other things, repealed former subsection (e)(2) of A.C.A. § 14-43-504. The relevant statute is now A.C.A. § 14-42-110, which clearly gives the city council the power to override the mayor's appointment of a police chief by a two-thirds vote.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Prior law stated with regard to cities of the first class that: "Mayors shall have the power to choose and appoint the chief of the police department and chief of the fire department, who shall hold office until the following election for mayor, and until a successor is appointed by the incoming mayor, unless sooner removed for cause. . . ."